IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:19CR93-ALM-KPJ |
| § | |
| PALOMA VIRIDIANA § | |
| ROMAN-MONTES § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Dismiss the Indictment (the "Motion") (Dkt. 32). The District Court referred the matter to this Court for a report and recommendation. The Government filed two responses to the Motion (Dkts. 33, 41). On October 4, 2019, the Court heard oral argument on the Motion (the "Hearing)..

On November 27, 2004, Defendant Paloma Viridiana Roman-Montes, a Mexican citizen, attempted to enter the United States by identifying as a United States citizen. *See* Dkt. 33-1 at 2. Defendant is not a citizen of the United States and knew this fact when she presented herself as a United States citizen. *See id*. Hence, Defendant was removed from the United States on December 15, 2004. Dkt. 32 at 2. The removal order was reinstated on November 7, 2010. Dkt. 32-3.

On April 3, 2019, immigration authorities encountered Defendant in Allen, Texas. *Id*. The Indictment, which charges a violation of 8 U.S.C. § 1326(a)-(b) (Reentry of a Deported Alien), was filed against Defendant on April 10, 2019. *See* Dkt. 1.

Defendant's Motion challenges the Court's jurisdiction due to an alleged shortcoming in 2004 removal's validity. Defendant contends she was not served with a Notice to Appear ("NTA") stating the time and date of a hearing, and therefore, the Immigration Judge did not have jurisdiction to conduct removal proceedings. *See* Dkt. 32 at 2. Further, Defendant argues

subsequent reinstatement of the 2004 removal order was also invalid, and the Indictment should be dismissed pursuant to 8 U.S.C. § 1326(d). *See* Dkt. 32 at 2.

A defendant charged with illegal reentry in violation of 8 U.S.C. § 1326 has a due process right to challenge the removal order upon which the charge is predicated. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987). To successfully establish a due process challenge, the defendant must establish: 1) the prior hearing was "fundamentally unfair"; 2) the hearing effectively eliminated the defendant's right to challenge the hearing by means of judicial review of the order; and 3) the procedural deficiencies caused the defendant actual prejudice. *United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003); *see also* § 1326(d). "[R]emoval proceedings commence when the INS files the appropriate charging document with the immigration court." *DeLeon-Holguin v. Ashcroft*, 253 F.3d 811, 815 (5th Cir. 2001).

The Government argues the charging document need not be an NTA. *See* Dkt. 33 at 4. "[W]here proceedings 'commence upon personal service of the Notice of Intent upon the alien'[,] the 'Notice of Intent shall constitute the charging document.'" *United States v. Gonzalez-Ferretiz*, No. 3:18-CR-117, 2019 WL 943388, at *6 (E.D. Va. Feb. 26, 2019) (citing 8 CFR § 238.1(b)(2)(i); *see also* 8 C.F.R. § 1003.14(a); *United States v. Lopez-Collazo*, 824 F.3d 453, 456-58 (4th Cir. 2016) (describing the expedited removal procedures)).

8 U.S.C. § 1182(a)(6)(C)(ii) provides that "[a]ny alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any other Federal or State law is inadmissible." 8 U.S.C. § 1225 (b)(1)(A)(i) states that "[i]f an immigration officer determines that an alien . . . who is arriving in the United States . . . is inadmissible under section 1182(a)(6)(C) . . . the officer

2

shall order the alien removed from the United States *without further hearing or review* unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution." (emphasis added). In 2004, Defendant falsely represented she was a citizen, and thus, was ineligible to receive a visa and be admitted to the United States. Defendant was removed pursuant to the expedited removal process described in 8 C.F.R. § 235.3(b)(1). *See* Dkt. 33 at 3.

The Government presented evidence that the procedures outlined in 8 C.F.R. § 235.3(b)(1) were followed, stating:

> The immigration officer created a record of the facts of the case and statements made by her utilizing Form I876AB, Record of Sworn Statement in Proceedings. [Dkt. 33-1]. The officer read all the statements in Form I-876AB and recorded all of Roman-Montes's responses. The officer advised Roman-Montes of the charges against her by providing Form I-860 and allowed her to address the charges in the sworn statement. [Dkt. 33-2]. Roman-Montes was then removed. [Dkt. 33-3].

Dkt. 33 at 3. The evidence indicates Defendant admitted she was not a United States citizen and she had no fear or concern about being returned to her home country of Mexico. *See* Dkt. 33-1 at 2, 4. Defendant did not contest the Government's presentation of the facts concerning Defendant's removal. Additionally, the Court finds the documentation presents a credible account of Defendant's removal pursuant to 8 C.F.R. § 235.3(b)(1).

Except as otherwise provided, an alien is "not entitled to a hearing before an immigration judge in proceedings conducted pursuant to section 240 of the Act, or to an appeal of the expedited removal order to the Board of Immigration Appeals." 8 C.F.R. § 235.3(b)(2)(ii). Defendant was not, therefore, entitled to a hearing before an immigration judge and, as such, there was no hearing for which issuance of an NTA was required.[1]

---

[1] Defendant's argument in the Motion hinges on the initial immigration proceeding lacking jurisdiction due to an absence of a required NTA, wherein a date and time for a hearing is stated, citing *Pereira v. Sessions*, 138 S. Ct. 2105,

At the Hearing, Defendant conceded his primary argument that an NTA was required, but raised an additional argument that Defendant was unable to understand the questions and document she signed because she is fluent in Spanish and does not understand English. The particular document Defendant contests is the Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act (the "Statement") signed by Defendant in 2004. Dkt. 33-1. While the Statement indicates that an interpreter was not used, it also denote that the immigration inspector took the Statement in the Spanish language. *See id.* at 1. The Statement includes a provision which reads:

> I have read (*or have had read to me*) this statement . . . I state that my answers are true and correct to the best of my knowledge and that this statement is a full, true and correct record of my interrogation on the date indicated by the above named officer of the Immigration and Naturalization Service. I have initialed each page of this statement . . .

*Id.* at 4 (emphasis added). Defendant's initials appear on each of the four pages. *See id.* at 1–4. The Statement also records that Defendant indicated she understood what was explained to her. *See id.* at 1. Though Defendant argued the Statement should include some sort of evidence that the Immigration Inspector was proficient in Spanish, as well as evidence that the Statement was translated for Defendant, Plaintiff did not present any case law suggesting the Statement is legally insufficient. Moreover, Defendant did not offer any evidence outside of attorney argument that Defendant did not understand the Immigration Inspector or the Statement. The Court finds Defendant's argument regarding the Statement is unavailing.

---

2113–14 (2018). However, the Fifth Circuit recently issued an opinion analyzing *Pereira*, finding the immigration judge did not lack jurisdiction due to the Government's failure to include a time and date in a notice to appear. *See United States v. Pedroza-Rocha*, 933 F.3d 490, 497-98 (5th Cir. 2019). Though not the facts before the Court, Defendant's argument is insufficient under the Fifth Circuit's recent decision interpreting *Pereira*.

Therefore, upon consideration, Defendant's Motion to Dismiss the Indictment (Dkt. 32) should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C). The parties are directed to Local Rule CV-72(c) for page limitations on objections.

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**So ORDERED and SIGNED this 7th day of October, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE